JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6156 | **DATE** | 3/24/2003 |
| **CASE TITLE** | DEW vs. GUARDSMARK, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment [7-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 5 2003 | 24 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CB/ docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 3/24/2003 date mailed notice | |
| CB courtroom deputy's initials | | 03 MAR 24 PM 5:03 Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA DEW, )
)
Plaintiff, ) No. 02 C 6156
)
v. ) Suzanne B. Conlon, Judge
)
GUARDSMARK, INC., )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

DOCKETED
MAR 2 5 2003

Sandra Dew sues Guardsmark, Inc. ("Guardsmark") for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Specifically, Dew alleges Guardsmark failed to promote her to a temporary supervisor position because of her gender. Guardsmark moves for summary judgment pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1.

## BACKGROUND

### I. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, including, "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rules 56.1(a)(3) and 56.1(b)(3)(B). All relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary material." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000); *Stewart*



*v. McGinnis*, 5 F.3d 1031, 1034 (7th Cir. 1993). Evidence submitted at summary judgment must be admissible at trial under the Federal Rules of Evidence. *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000).

In its statement of facts, Guardsmark details Charles Dickens' qualifications for the supervisor position. *See* Def. Facts at ¶¶ 59-63. Dew denies these facts as inadmissible hearsay. However, these facts are not offered for the truth of the matter asserted. Rather, they illustrate Brien Oakley's motive in selecting Dickens for the position. These statements are admissible.

Guardsmark's statement of facts includes the persons Oakley interviewed for the supervisor position and the questions he asked each of them. *See* Def. Facts at ¶¶ 57-58. Dew denies these statements by claiming she has no personal knowledge of the interviews. This is not an effective denial. Dew provides no supporting documentation or references to the record. Under Local Rule 56.1(b)(3)(A), these facts are deemed admitted. *Jupiter Aluminum Corp.*, 225 F.3d at 871.

Guardsmark's statement of facts asserts that during Dew's interview, she said she would "kick ass" as third-shift supervisor. Def. Facts at ¶ 65. Dew's citation to the record does not support her denial. Further, the denial is argumentative and changes the actual language of Dew's deposition testimony. It is undisputed that Dew said she would "kick ass" when Oakley asked if she could supervise the third shift. Def. Facts, Ex. A, at 111-12.

Dew fails to properly dispute paragraph 73 of Guardsmark's statement of facts. Paragraph 73 states that Oakley believed Dickens was the best qualified person for the position. Dew first disputes that fact with her own unsubstantiated opinion that Oakley thought Dickens was the most qualified because he was a man. Unsupported opinions of a supervisor's motives

2

cannot be considered on summary judgment. *See Uhl v. Zalk Josephs Fabricators, Inc.*, 121 F.3d 1133, 1137 (7th Cir. 1997) ("Facts, not an employee's perceptions and feelings, are required to support a discrimination claim"). Second, Dew disputes the statement because Oakley later stated in an email that Dew was a "fine candidate." Dew's Add. Facts, Ex. E. However, in context, Oakley's email confirms his belief that Dickens was the best qualified applicant. "They all would have been 'fine candidates' for the position, but Dickens had more supervisory experience and people skills. [Dew] is a very knowledgeable Control Room Operator, but has no supervisory experience, . . . lacks people skills . . . and has had past disciplinary write-ups." *Id.* Accordingly, Dew's citation to the email does not support her denial of the fact Oakley believed Dickens was the best qualified candidate. Accordingly, the fact is deemed admitted.

Dew also fails to properly dispute paragraphs 71 and 72 of Guardsmark's statement of facts. Dew disputes each fact with unsubstantiated arguments based on her personal opinion. Conjecture and speculation regarding an employer's motives cannot be used to defeat summary judgment. *Abioye v. Sunstrand Corp.*, 164 F.3d 364, 367 (7th Cir. 1999). Thus, paragraphs 71 and 72 of Guardsmark's statement of facts are deemed admitted. *Uhl*, 121 F.3d at 1137.

Guardsmark's response to paragraph 28 of Dew's statement of additional facts fails to cite record evidence supporting its denial that the posted job listing required supervisory experience. In its response, Guardsmark denies the fact with an unsupported statement of opinion. Because Guardsmark provides no supporting documentation of its denial, the fact must be accepted as true and deemed admitted. *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000); *Stewart v. McGinnis*, 5 F.3d 1031, 1034 (7th Cir. 1993).

## II. Facts

All facts are undisputed unless otherwise noted. Guardsmark, a Delaware corporation, provides security personnel to businesses throughout the United States. Dew, an Illinois resident, began working for Guardsmark in December 1998. Guardsmark initially assigned Dew to work as a security guard for Blue Cross/Blue Shield. Guardsmark promoted her to lobby receptionist and then to control room operator.

In the summer of 2001, Guardsmark temporarily reassigned the third-shift supervisor at Blue Cross/Blue Shield. As a result, Guardsmark need to fill the position. The posted notice for temporary supervisor listed three criteria: (i) control room experience; (ii) few disciplinary infractions; and (iii) seniority. The position entailed supervisory responsibility over other employees. These duties included arranging officers' work schedules, holding instructional meetings, and disciplining officers when they violated rules or regulations. Brien Oakley, Senior Security Supervisor, notified employees of the opening. Charles Dickens, Victor De La Garza, and Dew expressed interest in the position.

In August 2001, Oakley interviewed the three candidates. In each interview, Oakley asked the candidate's reason for applying for the temporary third-shift supervisor position. Dickens wanted the position in order to apply the experience and knowledge he gained while serving in the U.S. Navy, as well as to utilize his people skills. Dickens had an exemplary employment record with Guardsmark, possessed good computer skills, got along well with his co-workers, and had previously supervised 40 subordinates while serving in the Navy. During Dew's interview, Oakley asked her why she wanted to be a supervisor, and if she thought she

could control the men on third shift. In response, Dew stated that she would "kick ass." Dew did not mention that she had any supervisory experience.

Oakley believed Dickens was the best qualified person for the position. Because of his solid supervisory experience, Oakley thought Dickens could quickly step in as the third-shift supervisor, without the need for supervisory or disciplinary training. Oakley did not consider Dew the best candidate because she had no supervisory experience, poor people skills, and did not get along with many of the other employees. Further, Dew had disciplinary problems. She had been written up for violating Guardsmark's rules and regulations. Oakley discussed the interviews with Unit Manager Jason Lebron, who agreed with Oakley's conclusions. Guardsmark awarded the position to Dickens.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248; *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The summary judgment standard is applied with special scrutiny to employment discrimination cases because the

outcome may depend on determinations of credibility and intent. *Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000).

## II. Dew's *Prima Facie* Case

Title VII prohibits an employer from discriminating against an employee in the terms, conditions, or privileges of employment based on an employee's sex. 42 U.S.C. 2000e-2(a)(1). To prove a case of discrimination under Title VII, Dew must offer either direct or indirect evidence of discrimination. *See Pafford v. Herman*, 148 F.3d 658, 665 (7th Cir. 1998). Dew fails to offer any direct evidence that Guardsmark did not promote her because of her gender. Instead, she relies on the burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to establish her claim of sex discrimination.

To establish a *prima facie* case of failure to promote, Dew must show (i) she is a member of a protected group; (ii) she applied for and was qualified for the position; (iii) she suffered a materially adverse employment action; and (vi) the person promoted had similar or lesser qualifications for the position. *Pafford*, 148 F.3d at 669. Guardsmark argues that Dew cannot establish a *prima facie* case of sex discrimination.

Guardsmark concedes that Dew belongs to a protected class. However, Guardsmark claims Dew did not suffer an adverse employment action when she was not promoted to supervisor. This argument lacks merit. Adverse employment actions are typically economic injuries, including termination, demotion, suspension, or the failure to promote. *Markel v. Bd. of Reg. of the Univ. of Wisconsin*, 276 F.3d 906, 911 (7th Cir. 2002), *citing Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

6

Guardsmark argues Dew was not qualified for the position. The job listing stated that the criteria for the position included control room experience, few disciplinary infractions, and seniority. Based on these requirements, Dew was qualified for the position. Although she had some disciplinary write-ups, she was experienced in the control room, and had worked at Guardsmark for nearly three years.

Guardsmark contends Dew cannot show Dickens was similarly or lesser qualified. The record supports a reasonable inference that based on the job listing criteria, Dickens and Dew were similarly qualified. Although Dew had more seniority, Dickens had no disciplinary infractions, and had control room experience. Accordingly, Dew establishes a *prima facie* case of discrimination.

### III. Pretext

The burden of production shifts to Guardsmark to produce a legitimate, non-discriminatory reason for not promoting Dew. *Foster v. Arthur Anderson*, 168 F.3d 1029, 1035 (7th Cir. 1999). If Guardsmark sets forth a legitimate justification, the burden shifts back to Dew to prove that Guardsmark's reason is a mere pretext for discrimination. *Id.* Ultimately, Dew carries the burden of persuasion at all times. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993).

Dew does not dispute that Guardsmark offers legitimate non-discriminatory reasons for not promoting Dew to temporary supervisor. Guardsmark claims it did not promote Dew because Dickens was more qualified for the position in terms of supervisory experience and people skills. Thus, Dew bears the burden of showing that Guardsmark's stated reason was pretextual. She may establish pretext either directly, by showing Guardsmark's reasons for not

promoting her were more likely than not motivated by discrimination, or indirectly, by showing that Guardsmark's reasons are unworthy of belief. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). The indirect method requires some showing that (i) Guardsmark's explanation has no basis in fact, (ii) the explanation was not the actual reason, or (iii) the reason stated was insufficient to warrant Guardsmark's denial of the promotion. *Worth v. Tyler*, 276 F.3d 249, 266 (7th Cir. 2001). Dew does not present direct evidence of pretext. Therefore, she must show that Guardsmark lied about its reasons for denying her the position.

Dew fails to show Guardsmark's reasons for denying her the promotion were a pretext for sex discrimination. She first claims that she did not receive the position in retaliation for refusing Oakley's three invitations to go out on dates. Oakley denies asking her out. This dispute is immaterial. To establish a *prima facie* case of *quid pro quo* sexual harassment, Dew must present evidence that the refusal of sexual advances affected a tangible aspect of her employment. *Bryson v. Chicago State Univ.*, 96 F.3d 912, 915 (7th Cir. 1996). Dew fails to present any evidence to link her alleged refusals to date Oakley with his decision not to promote her. Dew points to a write-up in which she was disciplined for failing to wear an earpiece while other employees were not wearing theirs. But Dew does not present evidence that Oakley *knew* that other employees were not wearing earpieces and failed to take corrective action. Even viewed as true, the mere fact that Oakley unsuccessfully attempted to date Dew does not support a reasonable inference that his recommendation not to promote her was discriminatory.

Dew next claims that the requirements for the position, as described by Oakley, misstated the listed requirements, and acted only to cover up Guardsmark's discriminatory intentions. The job posting sought a supervisor with three criteria: control room experience, few disciplinary

infractions, and seniority. Oakley evaluated the candidates by additional criteria, including supervisory experience and good people skills. Evaluations based on subjective criteria like interpersonal skills may be used to show pretext. *Robinson v. PPG Industries*, 23 F.3d 1159, 1164 (7th Cir. 1994). But absent evidence that Oakley created or used these subjective rankings to cover up a discriminatory decision does not supply proof of pretext. *Id.* Oakley's additional evaluation factors were reasonably related to the supervisory position, and Dew does not provide evidence they were used to cover up a discriminatory decision.

Finally, Dew presents evidence that Guardsmark may have pre-selected Dickens for the supervisor position. Guardsmark disputes this evidence. This dispute is immaterial and does not establish pretext. Dew fails to present any evidence that Guardsmark's alleged pre-selection preference was discriminatory. Further, even if Guardsmark had a pre-selection preference for Dickens, Dew does not submit evidence that Guardsmark's reason for selecting Dickens was a pretext for gender discrimination.

## CONCLUSION

Although Dew presents a *prima facie* case of discrimination, she does not raise a material issue of disputed fact that Guardsmark's legitimate reason for not promoting her was a pretext for sex discrimination. Accordingly, Guardsmark is entitled to summary judgment.

March 24, 2003                                                     ENTER:

                                                                                Suzanne B. Conlon
                                                                                United States District Judge